**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **MVW HOLDINGS, INC.,** an Illinois corporation, | ) ) ) |
| *Plaintiff,* | ) ) |
| v. | ) ) |
| | ) Case No. |
| | ) Honorable |
| **BRAVE TOYS PTY. LTD.,** an Australian company, d/b/a CONNETIX TILES, | ) ) ) |
| *Defendant.* | ) ) ) ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff MVW Holdings, Inc. ("MVW" or "Plaintiff"), for its Complaint against Defendant Brave Toys PTY. LTD ("Brave Toys" or "Defendant") alleges as follows:

**PARTIES**

1.     MVW is an Illinois corporation with its principal place of business at 101 E. Crossroads, Pkwy, Unit C, Bolingbrook, IL 60440.

2.     Brave Toys is an Australian company with its principal place of business at Unit 3, 9 Malland Street, Myaree, Western Australia 6154, Australia. Upon information and belief, Brave Toys does business in Illinois, directly and through intermediaries, and offers its magnetic tile toys under the CONNETIX® Tiles brand to customers and potential customers in Illinois, including in this Judicial District.

1

**JURISDICTION AND VENUE**

3.      This is an action for design patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 et seq. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 et seq.

4.      Plaintiff seeks relief for Defendant's unauthorized use, offering for sale, sale, and importation of toy track products that embody a design that is substantially the same as the patented ornamental design claimed in U.S. Design Patent No. D1,100,067 ("the '067 Patent").

5.      This Court has specific and personal jurisdiction over Brave Toys consistent with the requirements of the Due Process Clause of the United States Constitution and the Illinois Long Arm Statute. Upon information and belief, Brave Toys has sufficient minimum contacts with the forum because Brave Toys transacts substantial business in the State of Illinois and in this Judicial District. Further, Brave Toys has, directly or through subsidiaries or intermediaries, committed and continues to commit acts of patent infringement in the State of Illinois and in this Judicial District as alleged in this Complaint, and as alleged more particularly below. For example, on information and belief, the Infringing Products are available for purchase in this Judicial District.

6.      Defendant has received actual notice of the patent-in-suit and has nonetheless continued its infringing activities directed at the United States, thereby establishing sufficient minimum contacts such that the exercise of jurisdiction by this Court comports with due process.

7.      Venue is proper under 28 U.S.C. §§ 1391(c)(3) because Defendant is a foreign corporation not resident in the United States and therefore may be sued in any judicial district, including the Northern District of Illinois. Venue is further proper because Defendant has

committed acts of patent infringement in this Judicial District

## FACTUAL BACKGROUND

### A.    Plaintiff MVW Holdings, Inc.

8.    For decades, MVW and its predecessors have been pioneers in children's magnetic building sets, transforming a simple educational concept into a robust design driven play system.

9.    MVW's MAGNA-TILES® building sets are distinguished not merely by function, but by intentional, carefully curated ornamental design choices that create a recognizable, cohesive aesthetic across product lines.

10.    As MAGNA-TILES® evolved, MVW invested substantial resources in new track-based sets, including roads, ramps, and downhill track components that extend magnetic construction play into motion based experiences.

11.    As one example, below are images of MVW's MAGNA-TILES Downhill Duo 40 Piece set:



**B.** **The '067 Patent**

12. The '067 Patent, entitled "Toy Track Section," issued on October 28, 2025, from an application filed on November 22, 2024, and claiming a priority date to September 15, 2022. A copy of the '067 Patent is attached as Exhibit 1.

13. MVW is the assignee and owner of all right, title, and interest in the '067 Patent.

14. The '067 Patent is presumed valid pursuant to 35 U.S.C. § 282.

15. Fig. 1 of the '067 Patent is shown below:



Fig-1

**DEFENDANT'S INFRINGING CONDUCT**

**A.** **The Infringing Products**

16. Defendant uses, imports, offers for sale, and sells in the United States magnetic tile road and ramp products, including but not limited to:

CONNETIX Creative Roads Pack (48 pieces), shown below:



CONNETIX Ramps & Intersections Pack (16 pieces), shown below:



17.     The Infringing Products incorporate track sections that are substantially the same in overall appearance as the design claimed in the '067 Patent.

5

**NOTICE AND WILLFUL INFRINGEMENT**

18. On July 26, 2024, MVW provided Defendant with written notice of MVW's design patent applications covering toy track sections and alerted Defendant of MVW's intellectual property rights.

19. Following issuance of the '067 Patent, MVW again notified Defendant on October 22, 2025, specifically identifying the patent and the infringing products and demanding that Defendant cease their infringing conduct.

20. Defendant acknowledged receipt of these notices and, through counsel, explicitly stated their intention to continue selling the Infringing Products.

21. Defendant's continued infringement after actual notice constitutes willful infringement, entitling MVW to enhanced damages under 35 U.S.C. § 284.

**COUNT I**
**PATENT INFRINGEMENT OF U.S. DESIGN PATENT NO. D1,100,067**

22. MVW incorporates by reference all preceding paragraphs.

23. Defendant has directly infringed the '067 Patent by offering to sell, selling, and importing the Infringing Products embodying the patented design without authority.

24. The following is a picture taken of Defendant's track that is representative of the Infringing Products' design:



25. Fig. 1 of the '067 Patent illustrates the claimed ornamental design of MVW's track:



Fig-1

26. Defendant's Infringing Products each have an overall appearance that is substantially the same as the claimed design in the '067 patent.

27. Defendant's Infringing Products each have an overall appearance that is confusingly similar to the claimed design in the '067 patent.

28. Defendant's infringement has caused, and will continue to cause substantial damage, including irreparable harm, for which MVW has no adequate remedy at law, unless and until Defendant is enjoined.

29. On information and belief, Defendant's infringement of the '067 Patent has been intentional, willful, and malicious. Defendant's bad faith is evidenced at least by its knowledge of MVW's rights and products, and the similarity of Defendant's Infringing Products to MVW's patented design, and Defendant's continuing disregard for MVW's rights

**PRAYER FOR RELIEF**

MVW respectfully requests that the Court enter judgment in its favor and grant the following relief:

A. A declaration that Defendant has infringed, and continues to infringe, the '067 Patent;

B.     A permanent injunction prohibiting Defendant, its officers, agents, servants, employees, and all persons in active concert or participation with them, from further infringement of the '067 Patent;

C.     An order requiring Defendant to recall, impound, and/or destroy all Infringing Products in Defendant's possession, custody, or control, to the extent the Court deems appropriate in equity;

D.     An accounting of all sales, offers for sale, and other activities involving the Infringing Products;

E.     A judgment and award of damages adequate to compensate MVW for Defendant's infringement of the '067 Patent, including, at MVW's election, (i) Defendant's total profit on all Infringing Products pursuant to 35 U.S.C. § 289, but in no event less than the statutory minimum, or (ii) damages pursuant to 35 U.S.C. § 284, including lost profits and/or a reasonable royalty;

F.     An award of enhanced damages for willful infringement pursuant to 35 U.S.C. § 284;

G.     For entry of an order that, upon MVW's request, those with notice of the injunction, including without limitation online retailers and marketplace operators, shall disable and cease displaying any advertisements or listings used by or associated with Defendant in connection with the sale of the Infringing Products;

H.     An award of attorneys' fees and costs pursuant to 35 U.S.C. § 285;

I.     An award of pre-judgment and post-judgment interest; and

J.     Such other and further relief as the Court deems just and proper.

## IX. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: April 16, 2026

Respectfully submitted,

By: */s/ Joseph W. Barber*

Joseph W. Barber
HOWARD & HOWARD ATTORNEYS PLLC
450 West Fourth Street
Royal Oak, Michigan 48067
T: (248) 723-0456 | F: (248) 723-1568
jwb@h2law.com

Kristopher K. Hulliberger
*pro hac vice forthcoming*
450 West Fourth Street
Royal Oak, Michigan 48067-2557
T: (248) 723-0453 | F: (248) 723-1568
kkh@h2law.com

*Attorneys for Plaintiff*